UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUAN GARNIER,

          Plaintiff,

v.                                      No. 21-cv-10846-DLC

THE UNITED STATES OF AMERICA,

          Defendant.

### ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS AMENDED COMPLAINT

CABELL, U.S.M.J.

     Pro se plaintiff Juan Garnier brings an action under the Federal Tort Claims Act (FTCA) to recover for the allegedly inadequate medical care he received from the Fenway Health facility and its medical director, Dr. Gonzales, both viewed as federal employees for purposes of the FTCA.  (D. 31).  This is Garnier's second such effort.  Previously, he brought a state court action in 2019 against Fenway, Dr. Gonzales and several other entities. Fenway and Dr. Gonzales removed the matter to federal court and this court in due course:  substituted the government in their place as the proper party; dismissed the complaint against the government without prejudice for failure to exhaust administrative remedies; and remanded the remainder of the action to state court. *See Garnier v. United States of America*, 19-CV-11217-PBS.  Garnier

subsequently exhausted remedies and brought this action anew.  In fact, Count Four of the amended complaint relates to the effort to exhaust remedies; Garnier contends that he filed an administrative complaint against Fenway and Dr. Gonzales with the Department of Health and Human Services (HHS), to exhaust his remedies, but HHS denied the complaint without investigating it, in violation of his right to due process.  The government moves to dismiss Count Four. (D. 32).  For the reasons explained below, the motion is granted.

## I.   RELEVANT BACKGROUND

The allegations of the amended complaint are taken as true for purposes of the present motion.  Garnier suffers from a variety of mental health related impairments.  For about three years before the incident giving rise to the amended complaint, Garnier was a patient at Fenway and saw a primary care physician, Dr. Aditya Chandrasekhar, and a psychiatrist, Dr. Katherine Clark.  In and around October 2018, however, Garnier experienced difficulties in obtaining satisfactory treatment.  When he complained, Dr. Gonzales effectively banned Garnier from Fenway.  In time, and as a result of the COVID pandemic and his loss of access to treatment and medications, Garnier's mental health deteriorated, he became suicidal, and he suffered significant back injuries when being transported to the hospital for a psychiatric assessment.[1]

---

[1] Garnier's claim against the transport company, Cataldo Ambulance, was part of the prior action and was remanded to state court.

In or around April 2020, Garnier filed an administrative claim with HHS regarding the allegedly substandard care and treatment he received from Fenway and Dr. Gonzales.  In November 2020 he spoke with HHS paralegal Charlene Robinson, and she told him there were "200 claims" in front of his, and that it would take "another 6 months to a year" before his claim could be investigated.  A few weeks later, however, by letter dated December 11, 2020, HHS denied Garnier's administrative claim without providing a reason.  Garnier appears to contend that the timing of the denial, coming just after he was told it would be several months before his claim could be investigated, suggests that HHS did not actually investigate his claim before denying it.  The denial letter advised Garnier that he had two options.  He could submit a written request for reconsideration if he wished to challenge the denial and then bring a lawsuit if unsuccessful, or he could proceed directly to file a lawsuit.  Garnier chose the latter option by bringing this action.

## II.  DISCUSSION

Count Four of the amended complaint alleges that the government deprived Garnier of his right to due process by failing to investigate his administrative claim.  The government argues in somewhat truncated fashion that the FTCA does not waive the United States' sovereign immunity for constitutional tort claims, which means both, that the plaintiff may not bring such a claim and the

court may not hear it for lack of jurisdiction.  The court agrees that Count Four is subject to dismissal for this and other reasons.

To begin, Garnier presumes as a threshold matter that HHS was legally obligated to thoroughly investigate his administrative complaint.  It is not clear, though, whether HHS actually bore such an obligation or inappositely had discretion to choose how vigorously to pursue his claim, or to choose not to investigate it at all.  This could matter because the failure to conduct an adequate investigation is not subject to judicial review under the FTCA's well established "discretionary function exception" if the agency has discretion on how if at all to investigate the claim.  See 28 U.S.C. § 2680(a) (FTCA does not permit claims based on government's "failure to perform a discretionary function or duty," "whether or not the discretion involved be abused"); *see also, e.g., Sabow v. United States*, 93 F.3d 1445, 1451-54 (9th Cir. 1996) (holding that FTCA's discretionary function exception protected decisions of federal officials concerning the scope and manner in which they conducted an investigation).  Here, the court has not been directed to any pertinent regulation or case law suggesting HHS had a legal obligation to investigate an administrative complaint lodged against it.  Even assuming such an obligation existed, however, Count Four as framed still suffers from at least two fundamental deficiencies.

First, the complaint allegations do not implicate the FTCA because Garnier does not allege he suffered an injury or loss from the failure to investigate his administrative complaint.  The FTCA by its terms allows claims to be brought against the government "*for injury or loss of property, or personal injury or death* caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . ."  *See* 28 U.S.C. § 1346(b)(1) (emphasis added). Garnier does contend that HHS negligently or wrongfully failed to investigate his administrative complaint, but he notably does not contend that the agency's failure to investigate somehow injured him or resulted in a loss of property.  Moreover, it is unlikely that Garnier could ever make such a showing where he at all times had the right to ask HHS to reconsider its denial of his complaint, or to bring an action in court, which he chose to do.  Consequently, even assuming HHS failed to investigate Garnier's administrative claim, that failure does not give rise to an action under the FTCA here because there is no allegation or implicit suggestion that the agency's failure to conduct a fulsome investigation caused Garnier to suffer some injury or loss of property.

Independently, and as the government argues, Count Four fails because the government has not consented to being sued under the FTCA for violating an individual's constitutional rights.  Under the doctrine of sovereign immunity, the federal government can

only be sued when and where it has consented to being sued, and a party seeking to hold it liable must first show by examination of the pertinent statute(s) at issue that the government has "unequivocally expressed" its waiver of sovereign immunity. *United States v. King*, 395 U.S. 1, 4 (1969).  The doctrine is jurisdictional; this means that the terms of the government's consent to being sued in any court define that court's jurisdiction to entertain the suit.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  In the case of the FTCA, the Supreme Court has held that the government's consent is limited to torts arising from state law rather than federal law.  Accordingly, a claim based on an alleged violation of the federal constitutional right to due process, as the plaintiff urges here, may not go forward because the United States has not consented through the FTCA to being sued for such actions.  *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (consent under FTCA limited to torts based on state law and court therefore lacked jurisdiction to hear FTCA claim alleging federal due process violation).  Consequently, the government enjoys immunity from suit to the extent Count Four alleges a violation of the plaintiff's right to due process, and this court for the same reason lacks jurisdiction to hear the claim.[2]

---

[2] For the foregoing reasons, it is not necessary to consider the government's additional argument that Garnier has failed to exhaust remedies with respect to Count Four.  It also bears noting that Count Four would fail even were the plaintiff to seek to repackage the claim as a *Bivens* claim, so named after the Supreme Court decision recognizing the right of an individual to sue a

III. **CONCLUSION**

The government's motion to dismiss Count Four of the amended complaint is GRANTED.


So Ordered.                              /s/ Donald L. Cabell
                                         DONALD L. CABELL, U.S.M.J.


DATED:  August 16, 2022

---

federal official in their individual capacity for damages for a constitutional violation committed under color of federal law.  *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  As noted above, Garnier has not established that he was constitutionally entitled to an investigation of his administrative complaint such that the failure to conduct one amounted to a constitutional violation. Even assuming favorable authority were found, a *Bivens* claim may only be brought against individual officers, *see Corr. Serv. Corp. v. Malesko*, 534 U.S. 61 (2001), and Garnier here alleges more an agency breakdown rather than wrongdoing by any specific individual.