```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| JUAN GARNIER,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | No. 21-cv-10846-DLC |

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 29)**

Cabell, U.S.M.J.

   I.   **INTRODUCTION**

   On May 20, 2021, plaintiff Juan Garnier, proceeding *pro se*, initiated this suit against the United States of America, seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., arising from alleged mistreatment he received at Fenway Community Health Center.  (Dkt. No. 1).  Garnier also moved for and was granted leave to proceed *in forma pauperis*.  (Dkt. No. 4; Dkt. No. 7).  Shortly thereafter, Garnier requested that counsel be appointed to represent him.  (Dkt. No. 15).  The court denied this motion without prejudice because the defendant had not yet responded to the complaint.  (Dkt. No. 22).  The defendant has since answered both the original and amended complaints, (Dkt. No.

26; Dkt. No. 34), and Garnier has renewed his motion to appoint counsel.  (Dkt. No. 29).

## II. DISCUSSION

### A. *Legal Standard*

At the outset, "[t]here is no absolute constitutional right to a free lawyer in a civil case."  *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *see also Muyubisnay-Cungachi v. Holder*, 734 F.3d 66, 72 (1st Cir. 2013) ("Because deportation proceedings are deemed to be civil, rather than criminal, in nature, petitioners have no constitutional right to counsel under the Sixth Amendment.") (internal quotations omitted).  Nonetheless, when a plaintiff proceeds *in forma pauperis*, the court may "request an attorney to represent" the plaintiff.  28 U.S.C. § 1915(e)(1); *see Forte v. Comm'r of Corr.*, 134 F. Supp. 3d 654, 655 (D. Mass. 2015). In order to justify the appointment of counsel, a civil plaintiff must demonstrate that he is indigent and that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights."  *DesRosiers*, 949 F.2d at 23; *see Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam).  Factors bearing on the determination of "exceptional circumstances" include "the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *DesRosiers*, 949 F.2d at 23.

### B. *Application*

By allowing Garnier's motion to proceed *in forma pauperis*, the court has already concluded that he is indigent. *See Forte*, 134 F. Supp. 3d at 655 n.4. However, Garnier has not established exceptional circumstances warranting the appointment of counsel in this case. While this court notes that Garnier purportedly struggles with certain physical and emotional difficulties as described in his motion, he has also demonstrated an ability to adequately represent himself and navigate the litigation process. He has filed multiple pleadings and motions, conferred with opposing counsel, and to all appearances complied with the Federal Rules of Civil Procedure and this court's Local Rules. Accordingly, there is nothing to indicate that Garnier will not be able to continue adequately representing himself, and there are no special circumstances requiring appointment of counsel.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion to appoint counsel is DENIED.

So ordered.                             /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.

DATED: September 22, 2022